By the Court.
The Fleming, Hahn & Platt Company entered into a contract with the trustees of Middleton township, Columbiana county, Ohio, for the improvement of a certain road designated as the Rogers-Clarkson road, and at the same time entered into a separate contract for the improvement of a road designated as the Negley, Anchor-East Palestine road, but usually referred to as the Negley-Anchor road.
The contractor, The Fleming, Hahn & Platt Company, procured from The France Slag Company and The Standard Slag Company material for the purpose of making these improvements, each of which companies thereafter attempted to perfect a lien upon the funds in the hands of the township *57 trustees, which should become due the principal contractor, covering the amount due it for such material. Thereafter each of the plaintiffs brought action wherein it asserted its lien against the funds in the hands of the trustees for the purpose of constructing said roads, and sued to recover a sum of money which it was asserted the trustees had paid The Fleming, Hahn & Platt Company in disregard of the lien upon such fund previously perfected by plaintiff. The court of appeals found against the plaintiffs upon the ground that the money paid to the principal contractor, after the filing of said liens, would not have been sufficient, had it been retained, to complete said contracts after the principal contractor had abandoned the same.
The primary question involved in this case, however, is the validity of the liens attempted to be asserted by the plaintiffs. Thq plaintiffs in the preparation of their liens treated the two roads as one, and nowhere is there to be found any statement as to the amount or value/of the material furnished for either of said roads. The fact that they were being constructed under separate and independent contracts was disregarded. The funds to pay therefor were necessarily provided. from separate and distinct sources, and the fund of neither road could be burdened with the cost of the construction of the other. Not only is it impossible to ascertain from the statement filed for the purpose of - perfecting a lien, or from the affidavit supporting the same, the amount or value of the material furnished for either of said roads, but, if we assume *58 that the lien might be aided by proof upon hearing of the case, the record discloses no evidence whatever wherefrom may be determined the extent of the lien upon the fund provided for the construction of either of said roads.
For that reason the judgment of the court of appeals must be affirmed.

Judgment affirmed.

Jones, Matthias, Johnson and Wanamaker, JJ-, concur.
Nichols, C. J., not participating.